IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
EASTERN DIVISION

No. 4:11-CR-77-FL-1
No. 4:16-CV-57-FL

| | |
|---|---|
| PABLO TRINIDAD, JR., | ) |
| Petitioner, | ) |
| v. | ) ORDER |
| UNITED STATES OF AMERICA, | ) |
| Respondent. | ) |

This matter is before the court on petitioner's motion to vacate, set aside, or correct sentence, made pursuant to 28 U.S.C. § 2255 (DE 77). Also before the court is the government's motion to dismiss, made pursuant to Federal Rule of Civil Procedure 12(b)(6). (DE 87). The issues raised are ripe for ruling. For the reasons that follow this court dismisses petitioner's motion to vacate and grants the government's motion to dismiss.

## BACKGROUND

On October 13, 2011, petitioner pleaded guilty, pursuant to a written plea agreement, to conspiracy to distribute and posses with the intent to distribute five kilograms or more of cocaine and 280 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (count 1), and felon in possession of ammunition, in violation of 18 U.S.C. §§ 922(g)(1) and 924 (count 8). (DE30). On August 7, 2012, this court sentenced petitioner to 252 months' imprisonment, concurrent on both counts; however, petitioner's sentence was later reduced to 189 months' imprisonment, concurrent on both counts (DE 51, 65). Petitioner did not appeal his judgment.

On May 2, 2016, petitioner filed the instant motion to vacate under 28 U.S.C. § 2255, arguing that in light of the Supreme Court's decision in Johnson v. United States, 135 S. Ct. 2551 (2015) ("Johnson"), he is no longer an armed career offender under the Armed Career Criminal Act ("ACCA") . In its motion to dismiss, the government argues that petitioner's § 2255 motion should be dismissed for failure to state a claim upon which relief can be granted.

**COURT'S DISCUSSION**

A. Standard of Review

A petitioner seeking relief pursuant to 28 U.S.C. § 2255 must show that "the sentence was imposed in violation of the Constitution or the laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." Id. § 2255(b).

B. Analysis

1. Motion for counsel

Petitioner has requested counsel to be appointed. (DE 77). There is no constitutional right to counsel in section 2255 proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 555 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions[.]"); United States v. Williamson, 706 F.3d 405, 416 (4th Cir. 2013). Here, petitioner previously was appointed counsel pursuant to Standing Order 15-SO-02, and the court granted counsel's motion to withdraw. Petitioner has failed to demonstrate circumstances

warranting appointment again of counsel. Consequently, petitioner's motion for appointment of counsel must be denied.

2.     Motion to Vacate

Petitioner argues that in light of Johnson, he is no longer an armed career criminal. (See DE 77). In particular, petitioner contends that Johnson requires this court to vacate his sentence because his New York first-degree robbery convictions can no longer serve as qualifying predicates under either the ACCA or under the Sentencing Guidelines. (Id.).

Petitioner's claim fails as a matter of law because 1) the removal of enhancement as an armed career criminal or as a career offender would not change petitioner's guideline range and 2) petitioner was sentenced under the ACCA and the Sentencing Guidelines, the latter of which "are not amenable to a vagueness challenge," Beckles v. United States, 137 S. Ct. 886, 894 (2017), and under which petitioner was correctly designated as a career offender.

i.     Petitioner's Guideline Range

Petitioner's guideline range is 360 months' to life imprisonment even with the removal of armed career criminal under the ACCA and career offender under the Sentencing Guidelines. Both parties agree at the time of sentencing that petitioner was accountable for 2.55 kilograms of cocaine, 11.33 kilograms of cocaine base, and 10 grams of marijuana, an equivalent of 41, 362.68 kilograms of marijuana, which is a base level of 36 under U.S.S.G. § 2D1.1(c)(2) (as opposed to 38 at the time of sentencing). (See PSR ¶ 15). Once the specific offense characteristics and adjustments are applied to this base offense level, the total offense level would be 40. (See PSR ¶¶ 55-64). The sentencing table for criminal history categories III-VI lists the guideline range as 360 months' to life imprisonment, see U.S.S.G. Ch. 5, Pt. A, and petitioner does not and cannot argue that his criminal

3

history warrants less than a criminal history category III designation. (See, e.g., PSR ¶¶ 18, 26). Therefore, petitioner's guideline range, even without armed career criminal and career offender statuses, remains 360 months' to life.

Petitioner argues that two of the specific offense characteristics and adjustments applied should not have been. Petitioner argues that he was not in possession of a dangerous weapon including a firearm, he was only in possession of ammunition, and that he was not a manager or supervisor in a criminal activity involving five or more participants. Petitioner's arguments are not substantiated by petitioner's presentence investigation report which was fully adopted by the court at petitioner's sentencing hearing. (See PSR ¶ 11 ("The defendant possessed firearms and ammunition at his residence during his drug-trafficking activities . . . . Trinidad directed Santiago to cook cocaine for him . . . . Therefore, he is considered to have maintained a managerial/supervisor role in this conspiracy that involved more than five participants.")).

ii.   Petitioner Qualifies as a Career Offender

Additionally, petitioner was correctly designated a career offender under the Sentencing Guidelines. Under the Sentencing Guidelines, a "defendant is a career offender if (1) the defendant was at least eighteen years old at the time the defendant committed the instant offense of conviction; (2) the instant offense of conviction is a felony that is either a crime of violence or a controlled substance offense; and (3) the defendant has at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1. Only the last element is in dispute in that petitioner argues that his prior convictions for first-degree robbery are not qualifying

4

predicate offenses due to the Supreme Court's holding in Johnson and because such an offense is not a "crime of violence."

The definition of the term "crime of violence" in effect when petitioner was sentenced contained a force clause, an enumerated clause, and a residual clause (which was later rescinded). Under that definition, a federal or state offense punishable by more than one year of imprisonment qualifies as a crime of violence if the offense "has as an element the use, attempted use, or threatened use of physical force against the person of another" (force clause); "is burglary of a dwelling, arson, or extortion, [or] involves use of explosives" (enumerated clause); "or otherwise involves conduct that presents a serious potential risk of physical injury to another" (residual clause). § 4B1.2(a).

Prior to Johnson, an offense was deemed a "violent felony" under the ACCA's residual clause if it was punishable by greater than one year's imprisonment and "involve[d] conduct that present[ed] a serious potential risk of physical injury to another." 18 U.S.C. § 924(e)(2)(B). In Johnson, the Supreme Court struck down the residual clause of the ACCA as unconstitutionally vague. 135 S. Ct. at 2563. The Supreme Court recently held, however, that "the Guidelines are not amenable to a vagueness challenge." Beckles, 137 S. Ct. at 894. Therefore, the residual clause of the former sentencing guidelines is not void for vagueness. Id. at 892.

Regarding whether robbery is a "crime of violence," the Fourth Circuit recently determined that robbery under Maryland law qualifies as a "crime of violence" under the residual clause for the purposes of career offender designation under the Sentencing Guidelines. United States v. Riley,

856 F.3d 326, 328 (4th Cir. 2017).[1] The Fourth Circuit stated that under Maryland law "robbery entails the carrying away of another's property 'from his person or in his presence . . . by violence or putting in fear," which the court determine was a "classic articulation of robbery" involving "conduct that undoubtedly 'presents a serious potential risk of physical injury to another.' § 4B1.2(a)." Id. at 329 (citing Conyers v. State, 693 A.2d 781, 796 (1997)). The court found it unnecessary to determine if Maryland's robbery with a dangerous weapon is separate offense from Maryland's simple robbery, but did note if they are separate, "robbery with a dangerous weapon is a fortiori a crime of violence." Id.

Echoing the Fourth Circuit's analysis, similarly here, first-degree robbery under New York law qualifies as a "crime of violence" under the residual clause for the purposes of career offender designation under the Sentencing Guidelines.[2] In addition to "forcibly steal[ing] property," first-degree robbery requires either "serious physical injury" under subsection 1 or involves a deadly weapon, dangerous weapon, or firearm, under subsections 2-4. Additionally, what separates first and second degree robbery in New York, under subsection 4, is that the firearm is "loaded and operable." See People v. Rivera, 686 N.Y.S.2d 282, 284 (Sup. Ct. 1999) ("Thus, where defendant establishes by a preponderance of the evidence that what was displayed was not a loaded and

---

[1] "Section 3-403 of the Maryland Criminal Code provides, 'A person may not commit or attempt to commit robbery . . . with a dangerous weapon [or] by displaying a written instrument claiming that the person has possession of a dangerous weapon.' Md. Code Ann., Crim. Law § 3-403." United States v. Riley, 856 F.3d 326, 329 (4th Cir. 2017).

[2] N.Y. Penal Law § 160.15 provides that "[a] person is guilty of robbery in the first degree when he forcibly steals property" and during the course of that crime he either 1) "[c]auses serious physical injury to any person who is not a participant in the crime"; 2) "[i]s armed with a deadly weapon"; 3) "[u]ses or threatens the immediate use of a dangerous instrument"; or 4) "[d]isplays what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm; except that in any prosecution under this subdivision, it is an affirmative defense that such pistol, revolver, rifle, shotgun, machine gun or other firearm was not a loaded weapon from which a shot, readily capable of producing death or other serious physical injury, could be discharged. Nothing contained in this subdivision shall constitute a defense to a prosecution for, or preclude a conviction of, robbery in the second degree, robbery in the third degree or any other crime." Additionally, robbery in the first degree is a class B felony. Id.

operable weapon, guilt is mitigated from robbery in the first degree to robbery in the second degree.). Historically, the New York Court of Appeals has stated that in order to "prove the crime of robbery" one must show that something was "unlawfully taken in his presence, against his will, and by means of force or fear." People v. Madas, 201 N.Y. 349, 352 (1911); see also People v. Hirniak, N.Y.S.2d 345, 347 (Sup. Ct. 1983) ("This element (force) constitutes the gravamen of the crime of robbery first degree");

Additionally, as pointed out by the court in Riley "the commentary on § 4B1.2 expressly includes robbery in a list of offenses that qualify as crimes of violence. § 4B1.2, cmt. n.1. These offenses 'serve as additional enumerated offenses, or example crimes, to be considered when determining whether a prior conviction' falls within the residual clause." Id. at 329 (citing United States v. Mobley, 687 F.3d 625, 629 (4th Cir. 2012)).

Here, petitioner meets all of the criteria to be designated career offender, including three prior first-degree robbery convictions under New York law.[3] Given the above disposition, it is unnecessary for the court to address petitioner's argument that these robbery convictions are not qualifiers under the ACCA and that he is therefore not an armed career criminal.[4]

C.     Certificate of Appealability

---

[3]     Petitioner additionally has at least one qualifying controlled substance offense. (See PSR ¶ 18).

[4]     Petitioner argues his prison sentence is "shockingly high and, as such, substantively unreasonable"; however, petitioner waived his right to challenge the calculation of his guidelines range in his written plea agreement. (See DE 30 (stating petitioner "agrees . . . [t]o waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal whatever sentence is imposed, including any issues that relate to the establishment of the advisory Guideline range that is established at sentencing . . .). Petitioner's waiver was both knowing and voluntary. Moreover, even if it were not, petitioner is foreclosed from raising the issue because he did not raise it on direct appeal. See Bousley v. United States, 523 U.S. 614, 621 (1998) ("[T]he voluntariness and intelligence of a guilty plea can be attacked on collateral review only if first challenged on direct review.").

7

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate that reasonable jurists could debate whether the issue presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000). After reviewing the claims presented on collateral review in light of the applicable standard, the court finds that a certificate of appealability is not warranted.

**CONCLUSION**

Based on the foregoing, the court DISMISSES petitioner's motion to vacate (DE 77), GRANTS the government's motion to dismiss (DE 87), and DENIES petitioner's motion to appoint counsel (DE 77). This court also DENIES certificate of appealability. The clerk is DIRECTED to close this case.

SO ORDERED, this the 24th day of August, 2017.

_____
LOUISE W. FLANAGAN
United States District Judge